IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA PROSTERMAN, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-02017-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND/OR TO ALTER OR AMEND JUDGMENT; VACATING HEARING**<br><br>Re: Dkt. No. 109 |

　　　　Before the Court is plaintiffs' "Motion for Relief from Judgment and/or to Alter or Amend Judgment," filed January 5, 2017. Defendants have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the ruling scheduled for February 17, 2017, and hereby rules as follows.

　　　　On December 8, 2016, the Court granted defendants' motions to dismiss the First Amended Complaint ("FAC"), and, that same date, the Clerk of Court entered judgment. In their motion, plaintiffs seek an order vacating the judgment, followed by an order denying defendants' motions to dismiss. Plaintiffs argue they are entitled to such relief under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

**A. Rule 59(e)**

　　　　A party is entitled to relief from a judgment under Rule 59(e) where, inter alia, the court has committed "manifest errors of law or fact" or the challenged decision is "manifest[ly] unjust." See Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d

1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted).[1]  In reliance thereon, plaintiffs argue they thus are entitled to relief because, they assert, the Court erred in not finding plaintiffs had sufficiently alleged direct or circumstantial evidence of an unlawful conspiracy.[2]  The Court disagrees.

First, plaintiffs fail to identify any direct evidence alleged in the FAC, i.e., facts to support a finding of "actual agreement."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007).  Rather, the references in the FAC to the existence of an "agreement" or a "conspiracy" (see FAC ¶¶ 1-4, 8, 62, 78-79, 82, 88, 93-94) are "mere legal conclusions" that, as a matter of law, are insufficient to state a claim.  See Twombly, 550 U.S. at 555; cf. B & R Supermarket, Inc. v. Visa, Inc., 2016 WL 5725010, at *6-7 (N.D. Cal. September 30, 2016) (finding plaintiffs sufficiently alleged direct evidence of agreement in light of allegations that defendants, inter alia, had "got in a room," where they "work[ed] together towards getting much more specific about what [they] all want[ed] to get done").

Second, contrary to plaintiffs' argument, the Court fully considered the question of whether plaintiffs had alleged sufficient "plus factors," see In re Musical Instruments & Equip. Antitrust Litig., 798 F.3d 1186, 1193-94 (9th Cir. 2015) (explaining circumstances under which allegations of "parallel conduct," coupled with "plus factors," would support finding of agreement), and a Rule 59(e) motion "may not be used to relitigate old matters," see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal quotation and citation omitted); McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 2011) (observing "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly") (internal quotation and citation omitted).

---

[1] A motion under Rule 59(e) may also be based on an "intervening change in controlling law" or "newly discovered or previously unavailable evidence."  See id.  Here, however, plaintiffs do not cite a change in controlling law or assert they have obtained any new or previously unavailable evidence.

[2] As explained in the Court's order of December 8, 2016, plaintiffs' claims were brought pursuant to § 1 of the Sherman Act, and, to state a cognizable claim thereunder, plaintiffs were required to allege, inter alia, sufficient facts to support a finding that there existed an agreement by defendants to restrain trade.

Accordingly, plaintiffs have failed to show they are entitled to relief under Rule 59(e).

**B.  Rule 60(b)(6)**

Under Rule 60(b), a court may "relieve a party" from a judgment "for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  See Fed. R. Civ. P. 60(b).

Here, plaintiffs fail to identify any circumstance that implicates the grounds set forth in Rule 60(b)(1)-(5), thus leaving for the Court's consideration whether plaintiffs have established grounds upon which to vacate the judgment under Rule 60(b)(6).  Rule 60(b)(6), however, "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993).  Plaintiffs fail to identify nor does the record otherwise suggest any such extraordinary circumstances exist.

Accordingly, plaintiffs have failed to show they are entitled to relief under Rule 60(b).

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for relief from, or to alter or amend, the judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  February 13, 2017

MAXINE M. CHESNEY
United States District Judge